## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JAMES DEGORSKI, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 04-cv-3367 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| THOMAS WILSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Plaintiff's motion to enforce judgment [226] and Defendant Wilson's motion for indemnification [232], wherein the parties both seek to have Defendant Cook County indemnify Defendant Wilson for an award of attorneys' fees in the amount of $177,570.00 pursuant to the County's purported obligation under its collective bargaining agreement with correctional officers. For the reasons set forth below, both motions [226, 232] are denied. Any attempt to seek indemnification from Cook County pursuant to the collective bargaining agreement must be pursued in accordance with the dispute-resolution provisions set forth in that agreement.

**I.   Background**

On March 7, 2014, the Court entered a jury verdict in favor of Plaintiff James Degorski on his claim that Defendant Thomas Wilson, a correctional officer, used excessive force against him. [193.] The jury awarded Plaintiff $225,000 in compensatory damages and $226,000 in punitive damages.[1] The Court entered an order requiring Defendant Cook County to pay the

---
[1] The Court later remitted the punitive damages award against Defendant Wilson from $226,000 to $150,000. [204.]

compensatory damages award against Defendant Wilson pursuant to its indemnification obligation under state law, 745 ILCS 10/9-102. [194.]

After judgment was entered, Plaintiff, as the prevailing party, filed a motion for attorneys' fees [207] pursuant to 42 U.S.C. § 1988. The Court granted the motion, awarding Plaintiff $177,570.00 in attorneys' fees. Defendant Cook County declined to indemnify Defendant Wilson for this obligation, prompting Plaintiff Degorski to file a motion to enforce the judgment against Cook County [226] and Defendant Wilson to file a motion for indemnification against Cook County [232], wherein both parties argue that the County is required to indemnify Defendant Wilson for attorneys' fees under the collective bargaining agreement between the County and its correctional officers.

To be clear, the Court entered and continued Plaintiff Degorski's motion to enforce judgment [226], and ordered briefing on Defendant Wilson's motion for indemnification [232]. However, Plaintiff Degorski filed a reply brief [244] in support of Defendant Wilson's motion, effectively joining that motion. Adding further complexity to the procedural posture of the parties' motions, although Defendant Wilson's motion is titled a "motion for indemnification," he argued his motion as though it were one brought pursuant to Federal Rule of Civil Procedure 69(a) [see 233, 245], which is the procedural vehicle for enforcing judgments, not for obtaining indemnification (*i.e.*, the same Rule 69(a) under which Plaintiff Degorski raised his motion to enforce [226]). In actuality, Defendant Wilson's motion for indemnification is more properly considered a counter-claim under Rule 13(g), filed post-judgment (requiring post-judgment amending of his pleading). As will become clear later in this opinion, the Court need not untangle this procedural knot because any attempt to collect attorneys' fees from the County (either via a counterclaim for indemnification or a post-judgment garnishment proceeding) must

2

proceed in accordance with the dispute resolution procedures set for in the County's collective bargaining agreement with its correctional officers.

**II.    Analysis**

In the underlying civil trial, the only Defendant whom the jury found liable was Defendant Wilson, and the jury awarded Plaintiff $225,000 in compensatory damages and $226,000 in punitive damages based on Defendant Wilson's use of excessive force. The Court added to Defendant Wilson's liabilities by awarding Plaintiff's counsel $177,570.00 in attorneys' fees pursuant to 42 U.S.C. § 1988. As the Court understands it, the parties agree that Defendant Cook County had an obligation under state law (745 ILCS 10/9-102) to indemnify Defendant Wilson for the compensatory award, and the parties also agree that Defendant Cook County has no obligation to indemnify Defendant Wilson for the punitive award. The only dispute here concerns the $177,570.00 in attorneys' fees.

Wilson and Degorski raise only one argument: that Cook County is required to indemnify Wilson for the attorneys'-fees award pursuant to its obligations under the collective bargaining agreement between the County and its correctional officers. Wilson and Degorski <u>do not</u> argue that the County has any indemnification obligations pursuant to 42 U.S.C. § 1988 or 745 ILCS 10/9-102. To resolve this issue, the Court's inquiry is two-fold: (1) is the Court permitted to interpret and enforce the collective bargaining agreement (which contains its own dispute-resolution procedure, involving a grievance process and arbitration[2]), and (2) if so, does the collective bargaining agreement require the County to indemnify Defendant Wilson for the attorneys'-fees award?

---

[2] Article XI of the collective bargaining agreement sets for the applicable grievance and arbitration procedures here. [See 233-1, at 15–18.]

3

## A. Interpreting and Enforcing the Collective Bargaining Agreement

As a starting point, Federal Rule of Civil Procedure 69(a)—which both Wilson and Degorski rely on as the procedural engine for their respective motions—is a vehicle by which a judgment creditor can seek to enforce a judgment in a supplemental proceeding. See *Argento v. Vill. of Melrose Park*, 838 F.2d 1483, 1487 (7th Cir. 1988) ("Rule 69(a) * * * is a procedural mechanism for a court's exercise of its inherent jurisdiction to enforce its judgment in a supplemental proceeding."), *abrogated by Peacock v. Thomas*, 516 U.S. 349 (1996).[3] A supplemental, post-judgment collection proceeding under Rule 69(a) is considered a "garnishment" proceeding, and "garnishment proceedings to collect a judgment are not separate lawsuits." *Yang v. City of Chicago*, 137 F.3d 522, 526 (7th Cir. 1998). As such, federal courts maintain jurisdiction over those claims in order to ensure satisfaction of the underlying judgment. See *Argento*, 838 F.2d at 1487 ("[T]he jurisdiction of a court is not exhausted by the rendition of the judgment, but continues until that judgment shall be satisfied.").

Wilson and Degorski rely heavily on *Yang v. City of Chicago* for their position that the Court has jurisdiction to enforce the County's alleged indemnification obligation under the collective bargaining agreement. In that case, Yang obtained a judgment against certain police

---

[3] Based on Seventh Circuit case law subsequent to *Peacock*, there is a question as to whether *Peacock* truly abrogated *Argento*. In *Peacock*, judgment creditor who was unsuccessful in collecting his damages filed a separate lawsuit seeking damages from a non-party "conspirator" who allegedly siphoned assets from the judgment debtor. The Supreme Court held that the district court lacked ancillary federal jurisdiction over the new lawsuit, which raised only state-law claims. The Court noted that although it has "approved the exercise of ancillary jurisdiction over a broad range of supplementary proceedings involving third parties to assist in the protection and enforcement of federal judgments—including attachment, mandamus, garnishment, and the prejudgment avoidance of fraudulent conveyances," the *Peacock* matter was different because it "extended beyond [an] attempt[] to execute, or to guarantee eventual executability of, a federal judgment." *Id.* at 357. The Seventh Circuit has interpreted *Peacock* narrowly as applying only to newly-filed actions. See *Yang v. City of Chicago*, 137 F.3d 522, 525 (7th Cir. 1998) ("[T]he Supreme Court [in *Argento*] specifically cited Rule 69 as a procedure under ancillary jurisdiction to be used in executing federal judgments in accordance with state procedure and practice."); *Wilson v. City of Chicago*, 120 F.3d 681, 684 (7th Cir. 1997) ("[W]e now hold[] that the *Argento* line of cases survives when the plaintiff is proceeding in his original action rather than by means of a new suit.").

4

officers, and then, in a post-judgment collection proceeding brought under Rule 69(a), Yang sought to collect that judgment from the City of Chicago pursuant to its indemnification obligations under 745 ILCS 10/9-102. *Yang*, 137 F.3d at 523–24. The Seventh Circuit held that the Court had jurisdiction to hear the garnishment claim "by virtue of its supplemental authority to order a third party not subject to the first suit * * * to pay the judgment in the [underlying] suit." *Id.* at 525 (citing *Argento*, 838 F.2d at 1495).

There are three notable differences between *Yang* and this case. First, Yang sought indemnification for his § 1983 liabilities, not his § 1988 liabilities. While this distinction does carry weight in deciding whether the County has an obligation to pay under the collective bargaining agreement, it does not impact Defendant Wilson's ability to raise the claim in a Rule 69(a) post-judgment proceeding (and the County does not argue otherwise).

Second, the Rule 69(a) collection action in *Yang* was brought by the judgment creditor—*i.e.*, the party to whom the attorneys' fees were owed. Here the attorneys' fees are owed to Plaintiff Degorski, so he is the judgment creditor. Defendant Wilson did not provide any authority as to whether a *judgment debtor* can bring an enforcement action under Rule 69 (which would be a tidy short-cut to avoid amending a pleading post-judgment to raise a Rule 13(g) counterclaim for indemnification). While Degorski did file his own Rule 69(a) enforcement action [226], that motion was continued pending resolution of Defendant Wilson's claim for indemnification [232]. However, Degorski filed a brief in support of Wilson's motion [244], effectively joining that motion (while simultaneously presenting his own arguments under Rule 69). Regardless, the Court need not enter this procedural quagmire, because regardless of how the issue is framed or who brings it pursuant to what rule, the end result is still the same.

5

The third and most important difference between this case and *Yang* is that Yang sought indemnification pursuant to the City's obligations under 745 ILCS 10/9-102, not under a collective bargaining agreement. The County reads *Yang* narrowly as applying *only* to post-judgment proceedings interpreting § 9-102, arguing that *Yang* cannot be extended to allow a court to interpret a collective bargaining agreement. The County relies primarily on *Winston v. O'Brien*, 773 F.3d 809 (7th Cir. 2014), claiming that *Winston* "actually did address whether the federal court had jurisdiction to determine the meaning or application of the CBA." [240, at 7.]

The County reads *Winston* too broadly. In that case, the only issue raised on appeal was whether the City had to indemnify an officer for attorneys' fees assessed under 42 U.S.C. § 1988 by way of 745 ILCS 10/9-102. The plain language of § 9-102 makes indemnification of attorneys' fees discretionary. See 745 ILCS 10/9-102 ("A local public entity * * * *may* pay any associated attorney's fees and costs * * *." (emphasis added)). To work around the discretionary language of the statute, the officer argued (rather inventively) that "the City 'made this choice in advance' by agreeing in the CBA to pay 'damages or monies' assessed against its officers." *Winston*, 773 F.3d at 814. In other words, the officer was not arguing that he had a right to indemnification under the collective bargaining agreement ("of course, he would have no standing to do so," because the issue was not properly before the appellate court, *Winston*, 773 F.3d at 814); instead, the officer attempted to use the collective bargaining agreement as a tool for interpreting § 9-102. As such, the Seventh Circuit *did not* address whether a federal court can decide indemnification responsibilities pursuant to a collective bargaining agreement.

That being said, *Winston* does hint at the issue. Specifically, after concluding that "the terms of the CBA [regarding indemnification] are subject to dispute,"[4] *Winston*, 773 F.3d at 814

---

[4] As discussed in greater detail below, the Court was acting pursuant to Section 301 of the Labor–Management Relations Act, which gives federal courts subject matter jurisdiction over "[s]uits for

6

("Article 22 of the CBA never explicitly mentions attorney's fees. The phrase 'damages or monies' in Section 22.1 could be read as covering fees. But that phrase also could be read as covering punitive damages, and as the City notes, indemnification of punitive damages is prohibited under Illinois law."), the court acknowledged that "the CBA * * * has its own procedures for determining an employee's entitlement to indemnification," noting that "the district court risked short-circuiting the grievance process if it had interpreted the CBA before Winston received a response." *Winston*, 773 F.3d at 814. In other words, the court acknowledged the importance of adhering to the procedural mechanisms (*i.e.*, grievances, arbitration) set forth in a collective bargaining agreement.

Defendant Wilson downplays *Winston* by arguing that *Yang* is the controlling case, and that "[t]he *Yang* court does not even suggest that the Courts in this District *only* have ancillary jurisdiction over Rule 69 garnishment proceedings brought *pursuant to Section 9-102*." [245, at 4.] But Defendant's reliance on *Yang* is misplaced. The issue in *Yang* was whether a federal court could exercise jurisdiction over a tangentially-related state-law claim. That's not the holdup here. The procedural hurdle that Wilson and Degorski need to jump is whether a federal court can ignore an arbitration provision in a collective bargaining agreement when proceeding under a Rule 69 garnishment action. Wilson and Degorski rely on two cases in response to this question: *Dixon v. City of Chicago*, 948 F.2d 355 (7th Cir. 1991), and *Skevofliax v. Quigley*, 810 F.2d 378 (3d Cir. 1987).

In *Dixon*, a firefighters' union appealed a district court decision holding that it had a duty to indemnify the City of Chicago for attorneys' fees pursuant to its collective bargaining agreement with the City. *Dixon*, 948 F.2d at 359–60. This was not an enforcement action, but

---

violation of contracts between an employer and a labor organization," such as collective bargaining agreements. 29 U.S.C. § 185(a).

7

rather an actual claim for indemnification (much like Defendant Wilson's actual claim here). Defendant Wilson argues that because the federal court in *Dixon* interpreted indemnification obligations pursuant to a collective bargaining agreement, so should this Court. See *Dixon*, 948 F.2d at 360 (affirming a grant of summary judgment directing the union to indemnify the City). But the court's ability to rule on the issue was not contested in *Dixon*, and so it is unclear whether the collective bargaining agreement there had an arbitration provision and thus whether the federal court was robbing the parties of their bargained-for dispute-resolution procedure by interpreting the agreement. *Dixon* is not helpful.

In *Skevofliax*, the Third Circuit affirmed a Rule 69(a) post-judgment proceeding finding that a township had a duty to indemnify police officers pursuant to a collective bargaining agreement. But again, there was no dispute over the federal court's ability to interpret the collective bargaining agreement and no indication as to whether that agreement had an arbitration provision, and so *Skevofliax* is not helpful either.

Generally speaking, Section 301 of the Labor–Management Relations Act gives federal courts subject matter jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization," such as collective bargaining agreements. 29 U.S.C. § 185(a). "However, given that Section 301 essentially limits the federal court's jurisdiction to applying the terms of a CBA, when a CBA provides for the submission of contractual disputes to an arbitrator, the court 'is confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract.'" *Lippert Tile Co., Inc. v. Int'l Union of Bricklayers & Allied Craftsmen*, 724 F.3d 939, 944 (7th Cir. 2013) (quoting *United Steelworkers v. Am. Mfg. Co.*, 363 U.S. 564, 568 (1960)). As such, "a court is not to rule on the potential merits of the underlying claims." *Id.* (quoting *AT&T Techs., Inc. v. Commc'ns Workers of Am.*,

475 U.S. 643, 649–50 (1986)); see also *United Steel v. TriMas Corp.*, 531 F.3d 531, 536 (7th Cir. 2008) ("If the parties have in fact agreed to arbitrate their dispute, then they have bargained for *the arbitrator's* interpretation of their contract—not ours.").

The relevant inquiry is whether the claim at issue, on its face, is governed by the arbitration provision. *United Steel*, 531 F.3d at 536. Where the arbitration clause is broad, there is a presumption in favor of arbitrability. *AT & T Techs.*, 475 U.S. at 650. Any "ambiguities as to the scope of the arbitration clause are resolved in favor of arbitration." *Volt Info. Sci., Inc. v. Board of Trs. of Leland Stanford, Jr. Univ.*, 489 U.S. 468, 475–76 (1989). Here, the dispute-resolution procedure in the collective bargaining agreement begins with the grievance process, which covers "a[ny] difference between an employee or the Chapter and the employer with respect to the interpretation or application of, or compliance with the terms of this Agreement between the Employer and Chapter." [233-1, at 15.] If the employee or Chapter is unsatisfied with the results from the grievance process, the next step is to submit the claim to an impartial arbitrator, where "[t]he decision of the Arbitrator shall be binding." [233-1, at 17.]

It is clear, then, that a dispute regarding indemnification (*i.e.*, a dispute over the interpretation or application of a term of the collective bargaining agreement) is governed by and subject to the dispute-resolution procedures in that agreement. See, *e.g.*, *Int'l Union v. Clark*, 412 F. Supp. 2d 138, 144–46 (D.D.C. 2006) (dismissing counterclaims for indemnification pursuant to a collective bargaining agreement where the plaintiff failed to abide by the grievance and arbitration provisions in that agreement). Because the collective bargaining agreement here contains its own dispute-resolution framework (including an arbitration provision), to the extent that Defendant Wilson has a dispute regarding his indemnification rights under that agreement,

he must pursue that issue in accordance with the terms of that agreement, as the parties to that agreement bargained for.

One might argue that *Plaintiff Degorski* is not a party to the collective bargaining agreement, and thus he never agreed to be bound by the arbitration provision in that agreement. But Plaintiff Degorski himself acknowledges that Rule 69 "allows him to *step into the shoes of the judgment debtor* and collect against a third-party judgment creditor." [244, at 3 (emphasis added).] In doing so, Plaintiff Degorski butts up against the same procedural wall that prevents Defendant Wilson from seeking indemnification from the County—*i.e.*, the grievance and arbitration procedures in the collective bargaining agreement (assuming he could even bring a claim under the collective bargaining agreement in the first place, which seems unlikely).

The Court has not located any authority—Rule 69 or otherwise—that would allow a federal court to interpret and enforce a collective bargaining agreement when that agreement has its own dispute-resolution procedures, including an arbitration requirement. As such, the Court need not (and cannot) address whether the County has an obligation under the collective bargaining agreement to indemnify Defendant Wilson for his attorneys'-fees judgment.

**III.    Conclusion**

For these reasons, Plaintiff's motion to enforce judgment [226] is denied and Defendant Wilson's motion for indemnification [232] is denied. Any attempt to enforce the judgment against (or seek indemnification from) Cook County must be pursued in accordance with the dispute-resolution provisions set forth in the relevant collective bargaining agreement.

Dated:  November 2, 2015

_____
Robert M. Dow, Jr.
United States District Judge